865 F.2d 584
 FORUM INSURANCE COMPANY, Appellant,
v.
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,
PENNSYLVANIA, Cross-Appellant,
v.
LAMICELLA, Al & Lamicella, Ted, Individually and trading as
Big A Trucking Company, and/or t/a Al Ted Trucking
Corporation and/or t/a Al Ted Transportation, and/or t/a J &
L Leasing, and/or t/a Big Al Leasing, Inc.
 Nos. 88-1529, 88-1553.
 United States Court of Appeals,
Third Circuit.
 Argued Dec. 1, 1988.
Decided Jan. 13, 1989.
As Amended Feb. 3, 1989.
 
 Daniel J. Zucker (argued), Philadelphia, Pa., for appellant.
 Allan C. Molotsky (argued), Post & Schell, P.C., Philadelphia, Pa., for cross-appellant.
 Before SEITZ, STAPLETON and COWEN, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 Forum Insurance Company ("Forum") appeals from the order of the district court granting summary judgment in favor of National Union Fire Insurance Company ("National Union") on Forum's declaratory judgment action seeking contribution from National Union. National Union cross-appeals from the district court's order granting summary judgment in favor of Forum on National Union's counterclaim for costs and fees. Jurisdiction in the district court was founded upon diversity of citizenship, and this court has appellate jurisdiction pursuant to 28 U.S.C. Sec. 1291 (1982).
 
 I.
 
 2
 Forum brought this diversity action against National Union seeking a declaration that National Union should contribute to the settlement of a personal injury claim. The underlying personal injury action resulted from an automobile accident involving the decedent Richard Carmean and a tractor owned and operated by the Al Ted Trucking Corporation ("Al Ted"). The tractor was pulling a refrigerated container and chassis leased from Castle & Cooke, Inc. Decedent's estate initiated a wrongful death action against Al Ted and Castle & Cooke, among others. The Al Ted tractor was insured by Forum while Castle & Cooke was insured by National Union.
 
 
 3
 Forum settled the case for $885,000 on behalf of Al Ted without any contribution from Castle & Cooke. It then brought this action against National Union seeking a declaratory judgment that National Union should contribute to the settlement of the underlying personal injury claim. National Union denied any duty to contribute and also counterclaimed, seeking recovery of its costs and fees incurred in defending Castle & Cooke in the underlying personal injury action. The parties submitted a stipulation of facts and filed cross-motions for summary judgment on both the contribution claim and the counterclaim.
 
 
 4
 In resolving Forum's contribution claim, the district court, with the tacit approval of the parties, looked to the National Union insurance policy issued to Castle & Cooke. The district court determined that Hawaiian law governed the interpretation of the policy.[1] The court focused on the issue of whether Al Ted was an insured party under the National Union policy. The court concluded that Al Ted was not an insured under the National Union policy in light of the language of the exclusions in the "Persons Insured" section of the policy. That section excludes from coverage any person with respect to a trailer insured by National Union being used with any motor vehicle not covered by like insurance in the company. Because Al Ted was not an insured under the policy, the court ruled that National Union could not be required to contribute to the settlement. It thereupon granted National Union's motion for summary judgment with respect to Forum's contribution claim and dismissed the declaratory judgment action.
 
 
 5
 As for National Union's counterclaim for costs and fees, the court applied New Jersey law to the Forum insurance policy issued to Al Ted. The court found that Castle & Cooke was an insured under the policy but that the policy did not require Forum to provide a defense for insureds. The district court granted Forum's motion for summary judgment on National Union's counterclaim and dismissed it.
 
 
 6
 Forum appealed and National Union cross-appealed.
 
 II.
 
 7
 The scope of review of the district court's order granting the respective motions for summary judgment is plenary. The court of appeals "must 'apply the same test the district court should have utilized initially.' " Link v. Mercedes-Benz of N. Am., Inc., 788 F.2d 918, 921 (3d Cir.1986) (quoting Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir.1976), cert. denied, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977)).
 
 III.
 
 8
 Forum's contribution claim was based solely on the contention that the National Union policy was broad enough to cover Al Ted. Forum asserts that the district court erred in holding that Al Ted was not an insured under the National Union policy issued to Castle & Cooke.
 
 
 9
 Under the "Persons Insured" section of the National Union policy, the policy provides as follows:
 
 None of the following is an insured:
 
 10
 ....
 
 
 11
 (3) any person or organization, other than the named insured, with respect to:
 
 
 12
 ....
 
 
 13
 (ii) a trailer while used with any motor vehicle owned or hired by such person or organization and not covered by like insurance in the company....
 
 
 14
 The district court found the language of the exclusion clear and unambiguous and not to cover Al Ted. We agree. The phrase "not covered by like insurance in the company" clearly modifies "any motor vehicle," rather than "trailer". When Al Ted used its tractor with Castle & Cooke's trailer, Al Ted was clearly not an insured under the policy.
 
 
 15
 Forum argues, however, that the exclusion is ambiguous in this instance because the submitted deposition testimony of National Union's own agents suggests ambiguity. The short answer is that we have decided that the policy provision is not facially ambiguous. In any event, the deposition testimony falls far short of creating a factual or legal issue thereon.
 
 
 16
 Forum also argues that the exclusion violates public policy requiring insurance. Forum has failed to articulate any public policy concerns which would be implicated if this clause is upheld solely as between two insurance companies.
 
 
 17
 Lastly, Forum contends that National Union is estopped from denying its liability by virtue of a lease agreement between Castle & Cooke and Mitsui Manufacturers Bank, the owner of the refrigerated container and chassis. Section 7 of the lease agreement provides as follows:
 
 
 18
 (a) Policies: Lessee [Castle & Cooke] will, at all times prior to the return of the leased equipment to Lessor [Mitsui], at its own expense, carry and maintain or cause to be carried and maintained ... (ii) public liability insurance with respect to third party personal and property damage ... (v) provided that such insurance is primary without right of contribution from any other insurance which might otherwise be available to the insured party.
 
 
 19
 Forum attempts to use offensively against National Union the language of the lease agreement even though Forum was not a party to the lease nor an intended beneficiary of the lease. The lease was intended to provide coverage for Mitsui, not Forum. Thus, Forum's argument must fail.
 
 
 20
 Al Ted was not an insured under the National Union insurance policy; Forum has no right of contribution from National Union on this basis. Thus, the order of the district court granting National Union's motion for summary judgment on Forum's contribution claim must stand.
 
 IV.
 
 21
 National Union's cross-appeal presents us with the issue of whether Forum's policy obligates it to defend Castle & Cooke, thereby requiring Forum to reimburse National Union for the costs and fees incurred by it in defending Castle & Cooke in the underlying action.
 
 
 22
 The district court determined that Castle & Cooke was an insured under the Forum policy. However, it concluded that the policy provided no duty to defend. Through the inadvertence of counsel, the district court was not made aware that the policy did contain such a clause. Thus, the counterclaim must be reexamined to permit reconsideration by the district court.
 
 V.
 
 23
 The order of the district court granting National Union summary judgment will be affirmed.
 
 
 24
 The order of the district court granting Forum summary judgment on National Union's counterclaim will be vacated and the matter remanded for further consideration in light of this opinion.
 
 
 
 [1]
 At oral argument, counsel for Forum accepted the district court's determination that Hawaiian law was controlling as to the interpretation of the National Union policy. However, nothing turns on that concession here